IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARREN BROOKS, #02366884, § § § | |
| Petitioner, § § | |
| v. § | No. 3:22-cv-02724-L (BT) |
| § | |
| DIRECTOR, TDCJ-CID, § § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Darren Brooks filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction for engaging in organized criminal activity and his twenty-five-year sentence. (ECF No. 3.) Brooks argued that he was not properly admonished on the penalties prior to pleading guilty. However, he recently received state habeas relief from the Texas Court of Criminal Appeals (CCA). *See* Resp. (ECF No. 12). Therefore, the Court should DISMISS the petition as moot.

A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)); *United States v. Jackson*, 771 F. 3d 900, 903 (5th Cir. 2014). Here, Brooks challenged his conviction and sentence sustained on September 23, 2021, in

1

Dallas County, Texas. Pet. 2 (ECF No. 3). On February 8, 2023, the CCA granted him habeas relief, and he was remanded to the Dallas County Sheriff's Department "to answer the charges as set out in the indictment." Resp. Ex. A 2 (ECF No. 12). Therefore, the Court cannot grant him the habeas relief he seeks. The Court should dismiss his petition as moot. *See Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976) (the function of a writ of habeas corpus is to grant relief from unlawful imprisonment or custody).

SO RECOMMENDED.

Signed April 4, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U. S. C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F. 3d 1415, 1417 (5th Cir. 1996).*